UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PROTECTIVE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | Case No. 20-cv-03611 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| DARRELL BOLDEN, | ) ) ) | |
| Defendant/Counter-Plaintiff | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Protective Insurance Company ("Protective") brought this action for declaratory judgment against Darrell Bolden ("Bolden"). Bolden filed counterclaims for declaratory judgment and breach of contract. Bolden now moves for leave to amend his counterclaim to add another claim under 215 ILCS 5/155. For the reasons stated below, the Court denies Bolden's motion [34].

**Background**

The Court presumes familiarity with its recent ruling denying Protective's motion for summary judgment [46] and granting Bolden's motion for summary judgment [39]. On August 20, 2018, Bolden was in a car accident (the "Accident") while driving a 2007 Freightliner commercial delivery truck for his employer Team Strategic, Inc. ("Team Strategic"). Team Strategic maintained an insurance policy with Protective for its vehicles (the "Policy"). At the time of the Accident, the 2007 Freightliner was not listed as a scheduled auto in the Policy. Instead, the Policy listed a 1998 Freightliner that had been totaled in a car accident in September 2017. Bolden contended, and the Court later held, that the 2007 Freightliner served as a temporary substitute for the totaled truck, affording him coverage under the Policy. Protective denied coverage because one of Team Strategic's owners, Carmelo Soto ("Soto"), retroactively terminated coverage for the 1998

Freightliner the day after the Accident. Therefore, Protective argued, the 2007 Freightliner could not serve as a temporary substitute for a vehicle that did not have coverage for the Accident.

**Discussion**

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave to amend when justice so requires." But if the new pleading would not survive a motion to dismiss, the Court may refuse to entertain an amendment on grounds of futility. *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) (citing *Brunt v. SEIU*, 284 F.3d 715, 720–721 (7th Cir. 2002)). To state a claim under 215 ILCS 5/155, the insured must show that the insurance company acted vexatiously and unreasonably in its delay to settle the insured's claim. If successful on such a claim, the insured is entitled to reasonable attorney fees and other costs. But where there is a *bona fide* dispute regarding coverage, statutory sanctions under Section 155 are inappropriate. *Consolidated Chassis Mgmt. LLC v. Northland Ins. Co.*, No. 19-cv-5287, 2020 WL 6262377, at *5 (N.D. Ill. October 23, 2020) (Durkin, J.) (citing *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2013)).

Bolden argues that Protective disclosed new evidence that the insurance company failed to properly investigate his claim and ignored facts establishing that Team Strategic used the 2007 Freightliner as a temporary substitute. However, this same evidence shows that Protective consistently denied coverage on the basis that Soto's retroactive termination of coverage precluded Bolden's claim. (Dkt. 38-1.) Though the Court ruled in Bolden's favor on his motion for summary judgment, a *bona fide* dispute clearly existed as to whether coverage had been effectively terminated retroactively. Therefore, Bolden's proposed new counterclaim would not survive a motion to dismiss and the Court denies his motion to amend.

**Conclusion**

For the foregoing reasons, the Court denies Defendant's motion for leave to amend his counterclaims [34].

IT IS SO ORDERED.

Date: 3/21/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge